UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MATTHEW YENSAN**<br>**REG. # 64051-056** | **:** | **DOCKET NO. 21-cv-01992**<br>**SECTION P** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **S. MA'AT** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an original and amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [docs.1, 4] by pro se petitioner Matthew Yensan. Yensan is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO").

This petition has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

Yensan brings this petition seeking expungement of a prison disciplinary proceeding involving disruptive conduct and resulting in a loss of 27 days of good time credit, 10 days of disciplinary segregation and 40 days loss of commissary privileges. Doc. 1, att. 1, p. 6. He brings the instant habeas petition claiming he was denied the right to submit a written statement on his own behalf, that the disciplinary officer failed to be an impartial decision maker, that the investigative officer was not impartial and that the appeals process was not conducted by an

impartial decision-making body. Doc. 4. Accordingly, he seeks restoration of his good time credits and expungement of the charge.

## II.
## LAW & ANALYSIS

### A. 28 U.S.C. § 2241

A 28 U.S.C. § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas challenge to a disciplinary proceeding, an inmate must show that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). It is assumed that federal prisoners have a liberty interest in their accumulated good conduct time. *See, e.g.*, *Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Watkins v. Lnu*, 547 Fed. App'x 409, 410 (5th Cir. 2013) (unpublished).

Thus, because a loss of good conduct time is involved in this proceeding, the Supreme Court's analysis in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985), governs our review. In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that on review, "some evidence" support the ruling. *Hill*, 105 S.Ct. at 2773–74; *Wolff*, 94 S.Ct. at 2978–80.

### B. *Application*

The record reveals that petitioner received all due process due under *Wolff*. Petitioner was notified of the charges against him on December 20, 2020, in a written incident report. Doc. 1, att. 1, p. 5. On December 21, 2020, he was provided a copy the Inmate Rights at the Discipline Hearing. *Id*. The DHO hearing was held on January 6, 2021. Based on the foregoing, petitioner received sufficient notice of the charges against him, more than twenty-four hours before the DHO hearing.

The record also reveals petitioner was afforded the opportunity to appear, make a statement, call witnesses, and present rebuttal evidence. The DHO report states the following:

> Your due process rights were reviewed with you by the DHO at the time of the hearing. You stated you understood your rights and had no documentary evidence to present. You did not request witnesses and you declined the services of a staff representative. You indicated to the DHO you were ready to proceed with the hearing.
>
> During the DHO Hearing inmate Yenson[1] elected to make a statement. Inmate Yanson stated, '(Sic) May parents drove. 24 hours, I could not see my family. I did not mention I would cause bodily harm.'

Finally, petitioner was provided a written statement of the DHO's findings on January 29, 2021. *Id*.

Therefore, the only determination left is whether there was "some evidence" presented upon which a reasonable, impartial adjudicator could rely to find that petitioner committed the prohibited act of disruptive conduct most like threatening another with bodily harm.

The DHO report outlines the evidence relied upon by the DHO and the reasons for reaching this decision. Specifically:

> The incident report indicates on Sunday, December 20, 2020, at approximately 9:20 a m., staff was approached by Inmate Yensan, Matthew,

---

[1] The direct quotes from the DHO report contain the multiple different spellings of petitioner's name included in the original of that report.

> Reg. No. 64051-056. Inmate Yensan asked me about his visit, visitation had not called for this inmate to go to visitation at this time. Staff informed inmate Yensan when visitation called for him staff would notify him. Inmate Yensan became very irritated demanding to speak to the duty officer. Staff informed Operations Lieutenant of inmate Yensan's request. Inmate Yensan then, approached staff in the office again and specifically states, 'I will not lock down until I get to go to my visit.' Staff then again, informed inmate Yensan staff had spoken to the Operations Lieutenant and was finding out about the status of his visit. Inmate Yensan then approached me in the office a third time stating 'If you don't get psychology down here shit is about to kick off.' Staff interpreted this statement as a direct threat towards staff.
>
> During the DHO Hearing inmate Yenson elected to make a statement. Inmate Yanson stated, '(sic) May parents drove 24 hours, I could not see my family. I did not mention I would cause bodily harm.'
>
> The DHO considered your statement and defense to the charge. Although you argued you did not mention causing bodily harm to anyone, the DHO notes staff was clear in the incident report. The DHO notes the statement you made to staff according to the incident report, 'If you don't get psychology down here shit is about to kick off.' When you made this statement to staff, 'If you don't get psychology down here shit is about to kick off,' your behavior was considered disruptive most like threatening another with bodily harm. Therefore, the DHO gives greater weight to the reporting staff member. The action on part of any inmate to make any sort of threat towards any person poses a serious threat to the health, safety, and welfare of that person(s) involved, but that of all other inmates and staff. In the past, evidence has clearly shown threats to be carried out by inmates, or other inmates who may have witnessed the threat being made. This type of action/behavior cannot and will not be tolerated form any inmate.
>
> Therefore, the DHO finds you committed the prohibited act of disruptive conduct most like threatening another with bodily harm. The sanctions imposed by the DHO were taken to let the inmate know that he, and he alone, will be held responsible for his actions/behavior at all times.

Doc. 1, att. 1, p. 6.

Accordingly, it cannot be said there was no evidence to support the DHO's findings; rather, the evidence is sufficient to sustain a disciplinary conviction. Therefore, petitioner fails to show a right to federal habeas relief.

-5-

### III.
#### CONCLUSION

For the reasons stated above, Yensan's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 14th day of September, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE